UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAPHAEL D. PERSON, JR.,**

        Petitioner/Defendant,      Case Nos. 2:21-cv-3976
                                                    2:13-cr-217
   v.                                                Judge James L. Graham
                                                    Magistrate Judge Elizabeth P. Deavers

**UNITED STATES OF AMERICA,**

        Respondent/Plaintiff.

## REPORT AND RECOMMENDATION

Petitioner/Defendant Raphael D. Person, Jr. has filed a Motion to Vacate his conviction under 28 U.S.C. § 2255 (ECF No. 273.) The Respondent/Plaintiff United States of America has filed a Motion to Dismiss or in the Alternative to File a Waiver of Attorney-Client Privilege (ECF No. 275.) The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges. For the reasons set forth below, it is **RECOMMENDED** that the United States' Motion be **GRANTED** and Person's Motion to Vacate be **DENIED**.

    **I.**     **Factual Background and Procedural History**

On September 26, 2013, a federal grand jury indicted Person on one count of conspiracy to commit Hobbs Act robbery, two counts of Hobbs Act robbery, and two counts of using a firearm during the robbery, in violation of 18 U.S.C. §§ 2, 924(c), and 1951 (Indictment, ECF No. 27.) On October 30, 2015, a petit jury found Person guilty on all five counts (Jury Verdict, ECF No. 150.) On September 7, 2016, the Court sentenced Person to a total of 506 months in prison. "[T]his sentence is to run consecutive to the state sentence imposed in Case No. 14-cr-1714 in the

Franklin County, Ohio, Court of Common Pleas." (Judgment, ECF No. 182, PageID 1284.) Person filed his Notice of Appeal with the United States Court of Appeals for the Sixth Circuit the same day (ECF No. 184.) "On November 9, 2017, the Sixth Circuit Court of Appeals affirmed the conviction and remanded the case for resentencing." (Motion to Dismiss, ECF No. 275, PageID 2082, citing *United States v. Person*, 714 F. App'x 547, 552 (6th Cir. 2017).) On June 4, 2018, after a sentencing hearing (Minute Entry, ECF No. 213), the same sentence was reimposed (Judgment, ECF No. 214, amended on June 12, 2018, at ECF No. 221.) Person filed his Notice of Appeal that same day (ECF No. 216); the Sixth Circuit affirmed his sentence. 769 F. App'x 222 (6th Cir.) *cert. denied* 140 S. Ct. 377 (Mem.) (2019).

Person filed the Motion to Vacate on July 13, 2021 (ECF No. 273, PageID 2077). The United States moved to dismiss the case on August 10, 2021 (ECF No. 275.) Person filed a Memorandum in Support for (*sic*) Motion to Vacate (ECF No. 276), addressing in part the subject matter of the Motion to Dismiss. The United States did not file a reply memorandum, and the time has expired for it to do so.

**II.    Motion to Dismiss – Statute of Limiations**

28 U.S.C. § 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The United States argues that Person's conviction became final for statute of limitations purposes on the date the last judgment was entered after resentencing, on June 4, 2018. Thus, according to the United States, Person had until June 4, 2019, to file a § 2255 Motion (Motion to Dismiss, ECF No. 275, PageID 2084, citing *United States v. Gillis*, 729 F.3d 641, 644-45 (6th Cir. 2013) *reh'g denied,* 550 F. App'x 264 (6th Cir. 2014); *see also U.S. v. Juarez*, No. 3:15-cv-178, 2015 WL 5583894, at *2 (S.D. Ohio Sept. 23, 2015) (Merz, Mag. J.), *report and recommendations adopted at* 2015 WL 6391208 (S.D. Ohio Oct. 21, 2015 (Rice, J.).) In both *Gillis* and *Juarez*, however, the defendants failed to undertake timely appeals, meaning that the conviction became final for statute of limitations purposes fourteen days after their judgments of conviction. *Gillis*, 729 F.3d at 644, citing Fed. R. App. P. 4(b)(1); *Juarez*, 2015 WL 5583894, at *2. Here, Person's appeal was timely, and the United States presents no authority for its seemingly preferred reading—that the statute of limitations begins to upon judgment even if a timely appeal is undertaken. Moreover, under the analogous 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"; s*ee also Juarez*, 2015 WL 5583894, at *2 ("If Juarez had filed a timely notice of appeal, then his conviction would not have become final until, at the earliest, the Court of Appeals decided the appeal."). Absent any cited authority to the contrary, the Undersigned uses the date on which direct review concluded as the date on which the statute begins to run.

The Supreme Court denied certiorari on October 15, 2019, *Person*, 140 S. Ct. 377, making that date the latest date on which his conviction could have become final, and meaning that the statute of limitations expired on October 15, 2020. Person did not file his Motion to Vacate until July 13, 2021, nearly nine months after the statute ran. Person does not claim that he timely filed;

rather, he claims that he has met the requirements for equitable tolling (Reply, ECF No. 276, PageID 2088.) In order to obtain equitable tolling of the statute of limitations, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As to the second element, Petitioner claims that: "(1) the COVID-19 pandemic had his housing facility on perpetual quarantine lock downs, and (2) modified operations that severely restricted prisoners' access to legal services, emails, phone calls, and law libraries for months." (Reply, ECF No. 276, PageID 2088.) As to the first element, Petitioner claims that he "filed a timely certified letter notifying the courts of such delays on [*sic*] September of 2020." (*Id*.)

A review of the docket in this case shows that Person sent a certified letter notifying this Court of his intent to file a § 2255 Motion, in which he detailed the restrictions imposed at United States Penitentiary, Pollock, due to the COVID-19 pandemic (ECF No. 265.) However, that letter was dated October 30, 2020, both in the main text and on the envelope (*id*. at PageID 2032, 2035)—after the statute of limitations had expired. Thus, while Person meets the second element of "some extraordinary circumstance" preventing him from timely filing, he did not diligently pursue his rights, and thus has failed to meet the first element for equitable tolling. Accordingly, because Person's Motion is time-barred, the United States' Motion to Dismiss should be granted.[1]

---

[1] As the United States' motion to require Person to waive attorney-client privilege was filed only in the alternative if the Motion to Dismiss was not granted (ECF No. 275, PageID 2084-85.) As Person's Motion to Vacate is barred by the statute of limitations, the undersigned need not evaluate the arguments raised therein.

### III. Recommended Disposition

For the foregoing reasons, it is **RECOMMENDED** that the United States' Motion to Dismiss be **GRANTED** and that Person's Motion to Vacate be **DENIED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: October 12, 2021   s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE